UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAIDRY & THOMPSON PROPERTIES, LLC | * | CIVIL ACTION |
| | * | NO. 23-6864 |
| VERSUS | | |
| | * | SECTION "O" (2) |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | | |

## ORDER AND REASONS

Pending before me is a Motion to Opt-Out of the Streamlined Settlement Program filed by Defendants Certain Underwriters at Lloyd's London and Independent Specialty Insurance Company ("ISIC"). ECF No. 6. The motion was scheduled for submission on January 10, 2024. As of this date, Plaintiff Gaidry & Thompson Properties, LLC has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, January 2, 2024. *See* E.D. La. L.R. 7.5. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Gaidry & Thompson Properties, LLC filed suit against Defendants Certain Underwriters at Lloyd's London and Independent Specialty Insurance Company alleging Hurricane Ida damages to its property in Houma, Louisiana. ECF No. 1-1 at 6. After removing the state court action, Defendants filed a motion to opt-out of this Court's Hurricane Ida Streamlined Settlement Program on the basis that Plaintiff's claim is subject to mandatory arbitration. ECF No. 6. Movants state that they are in the process of filing a motion to compel arbitration based on the arbitration clause, which they argue is enforceable under the Convention

1

on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09.[1]

## II.    APPLICABLE LAW & ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

Whether Movants are entitled to compel arbitration will be presented to the presiding district judge. Absent a finding that the arbitration clause is enforceable, Movants cannot establish good cause to opt-out entirely of the SSP. Given the policy terms (ECF No. 1-2 at 37-38), however, Movants have demonstrated good cause to opt-out of the SSP for the limited purpose of allowing them to pursue the motion to compel arbitration.

If arbitration is denied or the case otherwise remains on the docket of this Court, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program. In the interim, movants must proceed to comply with the CMO's mandatory disclosures because, while the CMO authorizes the parties to opt out of the SSP, it explicitly denies them the ability to opt-out of the initial disclosures. The limited, basic discovery contemplated by the CMO will not impose undue burden or expense, regardless of where the case proceeds.

---

[1] ECF No. 6-1 at 1.

### III. CONCLUSION

For the foregoing reasons, Defendants are entitled to limited relief from the CMO, solely for purposes of pursuing their motion to compel arbitration. Accordingly,

IT IS ORDERED that Defendants' Motion to Opt-Out of the Streamlined Settlement Program (ECF No. 6) is GRANTED IN PART to the extent necessary for Defendants to file their motion to compel arbitration. If that motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this __10th__ day of January, 2024.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

3